907 F.2d 159
 36 Cont.Cas.Fed. (CCH) 75,926
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
McCORMICK CONSTRUCTION COMPANY, INC., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 90-5022.
 United States Court of Appeals, Federal Circuit.
 June 28, 1990.
 
 Before NIES, Circuit Judge, JACK R. MILLER, Senior Circuit Judge, and LLOYD D. GEORGE, District Judge.*
 JACK R. MILLER, Senior Circuit Judge.
 
 
 1
 In this appeal from the judgment of the United States Claims Court, McCormick Construction Company's principal arguments are based on equitable adjustment and damages for breach of contract under which McCormick's subcontractor (Western) was to drill three water wells at Holloman Air Force Base, New Mexico. We affirm.
 
 
 2
 To recover on its claim for an equitable adjustment, McCormick needed to show, by a preponderance of the evidence, that the conditions indicated in the contract differed materially from those encountered during performance. See, Stuyvesant Dredging Co. v. United States, 834 F.2d 1576, 1581 (Fed.Cir.1987).
 
 
 3
 We are satisfied that such preponderance has not been shown and that McCormick's difficulties over the contract arose from its own carelessness in failing to take proper precautions. For example, Senior did not attempt to obtain geologic information from the United States Geologic Service, although information on subsurface conditions was available there; nor did Senior attempt to obtain any of that information from the State Engineer's Office, although information regarding subsurface conditions was also available there and at the Directorate of Engineering, Holloman AFB. Such failure by McCormick should be measured by the fact that the IFB advised bidders that information prior to bidding could be obtained from the Area Engineer, Southwestern Area Office; that offerors or quoters were urged and expected to inspect the site where services were to be performed and to satisfy themselves on all general and local conditions that might affect the cost of performance of the contract; and that in no event would a failure to inspect the site constitute grounds for a claim after award of the contract.
 
 
 4
 Although a site inspection disclosed numerous surface boulders, McCormick argues that the parties' stipulation states that surface boulders do not necessarily indicate the presence of subsurface boulders; but, as correctly pointed out by the trial court, the presence of the surface boulders and the alluvial fan setting should have alerted McCormick to the possibility of subsurface boulders.
 
 
 5
 Finally, we are not persuaded that the Government withheld information or that any information not made available would have been vital. The Claims Court's conclusion that McCormick failed to make reasonable efforts to obtain such information is not clearly erroneous. Senior's expectation that normal drilling conditions would be encountered was unreasonable.
 
 
 6
 In view of the foregoing, the Claims Court's dismissal of McCormick's complaint is affirmed.
 
 
 
 *
 Lloyd D. George, District Judge for the United States District Court for the District of Nevada, sitting by designation